(No. 19158.

MERTLE N. ELSENAU, Appellant, *vs.* THE CITY OF CHICAGO
*et al.* Appellees.

*Opinion filed February 20, 1929.*

McKINNEY, LYNDE & GREAR, (GEORGE H. GREAR, of
counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and HENRY A. BERGER, (LEON HORNSTEIN, of counsel,) for appellees.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Mertle N. Elsenau, a resident and tax-payer of the city of Chicago and a citizen of the State, filed an amended bill in the circuit court of Cook county on behalf of herself and other tax-payers of the city, to enjoin the issuance of warrants and the payment of money for advertisements in support of proposed bond issues submitted to the voters of the city at the primary election held on April 10, 1928. The city of Chicago, John F. Delaney, Incorporated, a corporation, John F. Delaney and Ralph D. Woelz, partners doing business as Woelz & Co., and Charles C. Fitzmorris, the city comptroller, were made defendants to the bill. Demurrers were filed by the defendants and their demurrers were sustained. The complainant elected to stand by her amended bill and it was dismissed for want of equity at her costs. From that decree she prosecutes this appeal.

Appellant alleged in her amended bill, in substance, that on March 28, 1928, the city council of the city of Chicago passed an ordinance, by its terms effective from its passage, appropriating $30,000 from miscellaneous receipts of the corporate fund to defray the expense of advertising, in the daily press and on sign-boards, various proposed bond issues; that $25,000 of the appropriation was made subject to the requisition of the president of the board of local improvements for the purpose stated, and the comptroller was authorized to apportion the balance for the like purpose in respect of all other bond issues proposed; that the regular annual appropriation ordinance for the year 1928 had been passed on January 9, 1928, but that it did not include the item for which provision was made by the ordinance of

March 28, 1928; that no authority existed for the passage of the latter ordinance nor for the appropriation or expenditure of the city's funds for the purpose mentioned in that ordinance; that by the contemplated expenditures the city authorities sought to persuade the voters of the city to approve bond issues aggregating upwards of $77,000,000, which without a favorable vote on a referendum the city had no power to issue; that the advertisements did not fairly and impartially set forth the facts concerning the proposed bond issues but contained certain falsehoods and exaggerations specified in the bill; that the advertisements were partisan in their nature, and their purpose was to increase the power and prestige of the persons in control of the city government and to enable them to expend the money to be derived from the sale of the bonds without adequate consideration of the public interest. It is further alleged in the amended bill that early in April, 1928, the president of the board of local improvements gave an order to John F. Delaney and Ralph D. Woelz, partners as Woelz & Co., or to John F. Delaney, Incorporated, a corporation, advertising agencies in Chicago, for the publication in various daily newspapers of the advertisements in question; that city warrants for the payment of more than $20,000, drawn in favor of these agencies, were in the hands of the city comptroller; that notwithstanding the fact that he had been notified that the warrants were illegal and that their payment would be wrongful and a misappropriation of public funds, he proposed to deliver them to the payees. A concluding allegation of the bill is that none of the proposed bond issues was approved by the voters.

The contentions of the appellant for a reversal of the decree are, first, that a city may use public funds for corporate purposes only; and second, that the appropriation in question was not for a corporate purpose but was void, and hence that the proposed payments therefrom should be enjoined.

A municipal corporation derives its existence and its powers from the General Assembly. It possesses no inherent power. In order to legislate upon or with reference to a particular subject or occupation such a corporation must be able to point out the statute which gives it the power to do so. A statute which grants powers to a municipal corporation is strictly construed, and any fair or reasonable doubt of the existence of an asserted power is resolved against the municipality which claims the right to exercise it. The implied powers which a municipal corporation possesses and may exercise are those necessarily incident to the powers expressly granted. *City of Rockford* v. *Nolan,* 316 Ill. 60; *Arms* v. *City of Chicago,* 314 id. 316; *Potson* v. *City of Chicago,* 304 id. 222; *Condon* v. *Village of Forest Park,* 278 id. 218; *City of Chicago* v. *Pettibone & Co.* 267 id. 573; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264; *Wilkie* v. *City of Chicago,* 188 id. 444.

The city council of a city has the power to control the finances and property of the corporation and to appropriate money for corporate purposes only. (Cities and Villages act, art. 5, sec. 1, sub-secs. 1, 2; Cahill's Stat. 1927, p. 312; Smith's Stat. 1927, p. 334.) A corporate purpose has been defined to be some purpose which is germane to the objects for which the corporation was created. It is such a purpose as has a legitimate connection with those objects and a manifest relation thereto. *Wetherell* v. *Devine,* 116 Ill. 631; *Livingston County* v. *Weider,* 64 id. 427.

The amended bill charges, and the demurrers admit, that the advertising of which complaint is made did not purport to be an impartial statement of facts for the information of the voters, but that it was an attempt, partisan in its nature, to induce the voters to act favorably upon the bond issues submitted at the election. The conduct of a campaign, before an election, for the purpose of exerting an influence upon the voters is not the exercise of an authorized municipal function and hence is not a corporate

purpose of the municipality. In *State* v. *Superior Court,* 93 Wash. 267, it was held that a port district in the nature of a municipal corporation had no implied authority to spend money in a political campaign to defeat, on a referendum, an act increasing the number of port commissioners and limiting the bonded indebtedness of port districts. Lacking the express power to expend money for the particular purpose, and applying the rule that a municipal corporation possesses and may exercise only the implied powers necessarily incident to the powers expressly granted, the delegation of the power claimed, the court observed, could not be presumed. Again, in *Shannon* v. *City of Huron,* 9 So. Dak. 356, it was held that the city had no power to issue warrants in payment of advertising in a campaign to induce the selection of the city as the capital of the State of South Dakota. Such an expenditure, the court said, was not for a corporate purpose, and no tax-payer could be compelled to contribute money toward such a campaign, however beneficial its results might be to the inhabitants of the city.

Monetary disbursements for the holding of an election at which propositions to issue bonds are submitted to the electorate are in no sense analogous to the expenditure of money to influence voters prior to that election. The holding of such an election was in the instant case a duty enjoined upon the municipality by statute. No statutory provision requires a campaign for the discussion of the merits of a proposed bond issue at public expense. The ordinance of March 28, 1928, is void and the appropriation made by it is unauthorized.

The decree of the circuit court of Cook county is reversed and the cause is remanded to that court, with directions to overrule the demurrers.

° *Reversed and remanded, with directions.*