## O. T. GRIDER v. CITY OF ARDMORE.

No. A-7001. Opinion Filed Jan. 25, 1930.
(287 Pac. 776.)

34

Sigler & Jackson, for plaintiff in error.

R. B. Brown, City Atty., for defendant in error.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of violating city ordinance No. 528 of the city of Ardmore, Okla., i. e., selling milk without a license, and his punishment fixed at a fine of $1 and costs of the prosecution.

The defendant was engaged in the business of selling and distributing milk in the city of Ardmore. Ordinance No. 528 of such city required the payment of a license fee of $1 per head for each cow whose milk was distributed in the city during the current year. The defendant refused to pay the license fee, and was arrested, tried in the police court of the city, and, from a judgment of conviction, appealed to the county court of Carter county, and, from a conviction in such court, he has appealed to this court.

Defendant in his brief states the issue as follows:

"It will probably be contended by the city that the city has the authority to levy this tax from its general police powers. That even if the authority is not conferred upon the city in so many words that by implication the city has a right to levy this license tax for the purpose of regulation only. We admit that the city has the right

under its general police powers to regulate and to control the vending of milk to inhabitants of the city. Necessarily its power is an implied power, but it is our contention that the city has no right to levy an exorbitant tax upon the dairymen in order to regulate the dairies. The evidence showed in this case that the defendant complied with every provision of the milk ordinance with the exception of the payment of the fees of one dollar, and the only thing necessary for him to do to obtain a license or permit to sell milk in the city of Ardmore was the payment of that fee. We say that the city, not having the authority delegated to it by the state, has no right to impose upon the defendant the tax of one dollar per head each year on his cattle."

The defendant offered no evidence to show that the license fee of $1 per head for the privilege of peddling milk furnished by his cows, was unreasonable.

37 Corpus Juris, p. 187, lays down the rule as follows:

"*Presumption.* In the absence of positive evidence to the contrary, however, such acts or ordinances are presumed to be reasonable, and the courts will not interfere unless their unreasonableness and oppressiveness is clearly apparent, the burden of proving their unreasonableness or invalidity being on the one who asserts it, usually the licensee."

Section 1067, p. 414, of McQuillin Municipal Corporations (2d Ed.) lays down the rule:

"*Milk Inspection and Adulteration.* Reasonable ordinance regulations providing for the inspection of milk sold within the corporate limits and forbidding its sale when below a prescribed standard, and authorizing its summary destruction if found to be impure, in accordance with such standards, are uniformly held valid and constitutional, as manifestly within the police power." Deems v. Baltimore, 80 Md. 164, 30 A. 648, 26 R. L. A. 541, 45 Am. St. Rep. 339; Witt v. Klimm (Cal. App.) 274 Pac. 1039.

In Ex parte Dickison, 138 Okla. 266, 280 Pac. 797, Mr. Justice Riley speaking for the court said:

"Held the manner of enforcement of Ordinance 3057 of Oklahoma City is not shown to have been so arbitrary and discriminatory as to warrant equitable relief."

In the body of the opinion the court said:

"It is probable that, in the absence of any grant of power from the sovereignty, the city would have authority under police power to enact regulatory ordinances, restricted, as it would be, as to the amount of license fee to be charged, to the cost of issuance and regulation." Ex parte Simmons, 5 Okla. Cr. 399, 115 Pac. 380; Ex parte Bochmann, 20 Okla. Cr. 78, 201 Pac. 537.

Ordinance No. 528 of the city of Ardmore being within the police power of the city is constitutional and is a valid regulation of the business of producing and distributing milk in such city. The defendant having made no showing that the license fee required is unreasonable, the presumption is that such fee is reasonable and necessary for issuing such license and regulating such business.

For the reasons state, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.