JACOB URBAN, PROSECUTOR, v. JOHN G. TAYLOR, HEALTH OFFICER OF THE TOWN OF DOVER, AND THE BOARD OF HEALTH OF THE TOWN OF DOVER, RESPONDENTS.

Decided November 24, 1936.

For the prosecutor, *Irving Youngelson.*

For the respondents, *Samuel C. Myerson.*

BODINE, J.  The prosecutor holds a milk dealer's license obtained pursuant to chapter 175, *Pamph. L.* 1935, *p.* 412; *N. J. Stat. Annual* 1935, § 81-162A(100).  He obtains his supply of milk from the Port Murray Dairy Company, Port Murray, New Jersey, a corporation duly licensed by the state department of health to buy, sell and distribute milk in this state.  The prosecutor sometime ago presented his application in proper form to the board of health of the town of Dover requesting a license to sell milk in that town.  The board of health declined the application, although not questioning the quality of the prosecutor's milk nor the sanitary conditions under which it is produced.  The town refused prosecutor's application because it would entail too great a financial burden to inspect the source of supply.  The Port Murray Dairy Company sells and distributes about twenty-five thousand

quarts of milk daily in various parts of north Jersey. It is supervised by the state department of health, and is inspected and approved by many municipal health boards, including those of Newark, Paterson, Montclair, Perth Amboy, Elizabeth and Union City. Subsequently, the local board stated that it would refuse a permit because the town had already a sufficient supply to satisfy the needs of its inhabitants.

The facts and circumstances in this case seem on all fours with *Sheffield Farms, Inc.,* v. *Seaman,* 114 *N. J. L.* 455; 177 *Atl. Rep.* 372. It clearly appears that the refusal of the permit was without substance and is not predicated upon any desire to conserve the public health and safety. Mere lack of funds to investigate a source of supply is not sufficient reason to justify the refusal of a permit, in view of the circumstance that there seems to have been adequate inspection by state inspectors. Further, because the town already has a sufficient number of milk dealers presents no valid reason for a refusal of the permit requested.

The local board finally seeks to justify its action by reason of the fact that it has set up higher standards as to butterfat and bacteria count, and so on. The standard set by the state would seem to be sufficient to conserve the public health and safety.

It is also argued that the legislature in passing the act of 1935, page 417 (*N. J. Stat. Annual* 1935, § 81-162A(301) expressly provided: "That nothing contained in this act or rules or regulations adopted thereunder shall conflict with or be construed to abrogate or affect the status, force or operation of any public health law, any sanitary regulation or any local health ordinance, code or regulation." And further on page 420 (*N. J. Stat. Annual* 1935, § 81-162A(500): "The licenses required by this act shall be in addition to any other license or permit required by any law of this State, or by any ordinance of a local board of health or other body exercising the powers thereof in any municipality of this State." This statute cannot be construed as in any way affecting the decisions of this court in *Sheffield Farms, Inc.,* v. *Seaman, supra.* It was there said: "Suffice it to say that the meager facts, relevant as to the occasion and history of

the refusal, lead us to the conclusion that they are without substance. They are excuses rather than legal reasons. The city just took the position that it had enough milk dealers and that it had the situation 'well in hand.' Such a position is unreasonable; it is arbitrary, capricious and discriminatory. It unlawfully curtails prosecutor's common law right to engage in a lawful business, notwithstanding that it has fully complied with the requirements of the state and city. This the city cannot lawfully do."

It has been urged that in this case there has not been an exact compliance with the town requirements. The proofs clearly show reasonable compliance with the provisions of the ordinance essential to conserve the public health and safety. A local board of health, by incorporating in its ordinances arbitrary and unnecessary provisions, cannot preclude the prosecutor from engaging in a lawful business, merely on the theory that his milk and cream contains slightly less butterfat or the bacteria count is slightly different. Other matters argued it seems unnecessary to further discuss.

The refusal of the permit will be set aside, with costs.