(No. 30981.—

DEAN MILK COMPANY, Appellee, *vs.* THE CITY OF WAUKEGAN *et al.,* Appellants.

*Opinion filed September 22, 1949.*

JOHN BEDROSIAN, Corporation Counsel, and THOMAS A. POJUNAS, both of Waukegan, for appellants.

FRED A. GARIEPY, of Chicago, and JOHN LOGAN BOYLES and HENRY D. FISHER, both of Waukegan, (JOHN SPALDING, of Chicago, of counsel,) for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

The Dean Milk Company, appellee, filed a complaint in the circuit court of Lake County against appellants, the city of Waukegan, Frank G. Wallin, mayor, William Mc-Danald, chief of police, and Edward R. Holmberg, city clerk, for a declaratory judgment as to the validity of section 577 of milk ordinance No. 237 of said city. This section required that milk or milk products be produced and pasteurized in Lake County before they could be sold in the city of Waukegan. The complaint also prayed for an injunction against the city and its agents, enjoining the enforcement of any ordinance of the city of Waukegan on account of the sale, offer for sale, or completed sale of any grade "A" milk or milk products by the Dean Milk Company, its agents or distributors. Answer was filed to the complaint and reply made thereto. The cause was heard before the court and a declaratory judgment was entered declaring section 577 of "Milk Ordinance No. 237, City of Waukegan, Illinois, passed April 27, 1942," null and void, and of no force and effect. The trial court decided the issues in favor of plaintiff and against defendants and has certified that public interest requires a direct appeal to this court. Later a petition praying for a temporary injunction against the city and its agents enjoining the enforcement of the ordinance on account of the sale, offer for sale or completed sale of any grade "A" milk or milk products by the plaintiff in the city was denied.

The record discloses that the city of Waukegan has a comprehensive milk ordinance No. 237, relating to the production, pasteurization, handling, bottling and delivery of milk for human consumption within said city. Section 577 of this ordinance reads as follows: "MILK AND MILK PRODUCTS FROM POINTS BEYOND THE LIMITS OF INSPECTION OF THE CITY OF WAUKEGAN. No milk or milk prod-

ucts shall be sold in the City of Waukegan unless the same is produced and pasteurized in Lake County, Illinois, except and unless in case of emergency and then by approval of the health officer."

In the declaratory judgment as entered the court held that an actual controversy, definite and certain, exists between the parties to this cause; that a major portion of said controversy can be terminated by the entry of a declaratory judgment; that section 577 of "Milk Ordinance No. 237, of the City of Waukegan, Illinois, passed April 27, 1942," is invalid as attempting or purporting to regulate milk producers, dairy farms and milk plants, as defined in said ordinance, located more than one-half mile beyond the corporate limits of said city. The court decreed specifically that section 577 of "Milk Ordinance No. 237 of the City of Waukegan," be declared null and void and of no force and effect. The court further retained jurisdiction of the cause for the purpose of entering any and all orders necessary to enforce the declaratory judgment and for the purpose of granting other and further relief prayed for in plaintiff's complaint. This declaratory judgment presents solely the question of the validity of section 577 of said ordinance.

It is disclosed by the record that the parties stipulated that plaintiff is a corporation, incorporated in the State of Illinois, and is possessor of a certificate of approval issued January 26, 1948, signed by the Director of Public Health of the State of Illinois, approving the pasteurization plant of the Dean Milk Company, and that the Dean Milk Company is also possessor of a certificate of approval to operate a dairy plant issued by the Department of Agriculture, Division of Foods and Dairies.

It does not seem to be contended that the milk processed by the Dean Milk Company fails to comply with the standards of purity and wholesomeness set up in the Waukegan

ordinance, or that the pasteurization process, butterfat content and average bacterial plate count of milk do not conform with the requirements of defendant municipality. The same seems to be true with respect to the production, inspection and handling of milk on the farms which supply the milk plants of the Dean Milk Company.

The crucial question presented itself in the month of January, 1948, when an agent of the Dean Milk Company applied to the milk inspector of the city for a permit to sell milk in Waukegan, which permit was refused because of section 577 of the milk ordinance of the city. In February of the same year the Dean Milk Company, through its agent, applied for a license for one milk truck to deliver milk in the city of Waukegan, which was issued and the license fee paid. On the same day the deputy city collector of Waukegan sent a letter to the Dean Milk Company, Chemung, Illinois, revoking said license for the reason that the milk of the Dean Milk Company did not comply with section 577 of the milk ordinance of said city. The milk to be supplied the city of Waukegan would come from either the Huntley plant or Chemung plant, each approximately fifty miles from Waukegan by the nearest traveled route.

The appellants contend the object and purpose of the milk ordinance is to make sure the milk offered for sale or distribution within the city is of such quality as not to be detrimental to the public health; that the city has statutory power to regulate the sale or distribution of milk within the city; and, also, that this power of regulation includes the right to regulate and inspect the farmer and dairy farms producing milk for sale to a milk plant and the milk plant itself which furnishes or brings milk into the city for sale or distribution, although they are located outside of the city limits; and that the provision requiring milk and milk products to be produced and pasteurized in Lake County, before same can be sold in the city, is a reasonable

provision designed to advance the plain object and purpose of the ordinance, namely, that milk sold or distributed in the city of Waukegan would be of such quality as not to be detrimental to the public health.

Appellee concedes the authority of the city of Waukegan to regulate the sale of milk and milk products within the corporate limits, but contends that this authority does not extend to the regulation of farms and milk plants located more than one-half mile beyond the territorial limits of the city, nor to prohibition of the sale of milk and milk products within the city unless produced and pasteurized within a specified locality. It is specifically urged that the General Assembly has not conferred such powers upon municipalities.

The controlling question is whether it is within the power of the city of Waukegan to prohibit the sale within its limits of milk produced and pasteurized outside of Lake County.

Appellants first contend that the city is empowered to regulate the sale or distribution of milk within its limits. This we think to be the rule and have so held in *Higgins* v. *City of Galesburg*, 401 Ill. 87; *Dean Milk Co.* v. *City of Chicago*, 385 Ill. 565; and *Koy* v. *City of Chicago*, 263 Ill. 122. Appellee concedes the rule, which does not necessitate further discussion.

Appellants next contend the power of the city to regulate the sale or distribution of milk within its limits includes the power to regulate sources outside the city. It will be observed from the pleadings that this question was not controverted in the court below. In its complaint appellee offers to pay all expenses necessarily incident to the inspection of its plant at Chemung by the city. An examination of the judgment rendered reveals that no determination of this question was had below and that the only final judgment rendered was that section 577 of the ordinance is null and void. Since that section of the ordinance

affects only suppliers of milk produced and pasteurized outside Lake County, it is obvious that the question of the city's right to inspect and regulate plants and sources of milk in Lake County but outside the city was not passed upon. It is clear from the language of the judgment that the circuit court expressly retains jurisdiction to hear the cause for the purpose of granting such other relief as is prayed for in the complaint. The judgment as encompassed presents for determination on the appeal the controlling question whether section 577 of Waukegan's ordinance No. 237, as above set out, is valid. This leaves the remaining contention of appellants that the county-wide limitation for location of plants and producers is a reasonable and valid regulation. The grounds on which this contention is based are that the city, in order to insure wholesome milk for its inhabitants, must inspect the sources from which it comes and the plants where it is processed, and that to admit milk from territory outside Lake County would so increase the cost of inspection and be so inconvenient as to render impracticable and ineffective the system of inspection. We find no Illinois cases cited to support the contention that this prohibition is reasonable.

It might well be observed from the record at this point that by its own evidence the city admits that milk is admitted into the city on inspection by the village of Winnetka, and that there is no evidence or contention that appellee's products are unwholesome or that they do not in fact meet all the standards set up in the ordinance. Nor is there any contention that the only reasonable way of informing itself of the quality of milk brought into the city is by its own inspection at the source and at the pasteurizing plant.

Appellants have cited a number of cases from other jurisdictions. We have carefully analyzed the cases but they are not comparable for the reason that in the instant case the controverted section of the ordinance prohibits the sale of milk produced outside Lake County, leaving no

means by which its sale can be made legal. It appears that the case of *Witt* v. *Klimm,* 97 Cal. App. 131, 274 Pac. 1039, cited by appellants, has been overruled in the case of *La Franchi* v. *City of Santa Rosa,* 8 Cal. 2d 331, 65 Pac. 2d 1301, and in the case of *Lang's Creamery* v. *City of Niagara Falls,* 231 N. Y. S. 368, relied upon by appellants, the city passed an ordinance prohibiting the sale of milk, as pasteurized milk, within the city unless it "shall have been ·pasteurized within the limits of the city of Niagara Falls." That case is differentiated from the instant case for the reason the restriction is applied to milk after it has reached the city, whereas in the instant case the prohibition of the ordinance is against all milk produced outside Lake County.

Appellants also cite the case of *Dyer* v. *City Council of* *Beloit,* 333 U. S. 825, 68 S. Ct. 450. The ordinance involved in that case, as in the other cases cited by appellants, did not purport to carry a prohibition to the extent here attempted, because the restriction imposed in the cited cases extends to the pasteurization process or to the finished product only. In the instant case the city of Waukegan by its ordinance seeks to isolate itself in this respect from all the world except Lake County. By the plain terms of section 577 of the ordinance here, appellee not only must pasteurize its milk within the prescribed geographical limits but must obtain the raw milk exclusively from Lake County producers.

Appellee contends the prohibition of section 577 is unreasonable, arbitrary and discriminatory, and points to its complete compliance with the requirements of the State law and of the ordinance except as to the requirement of location. It is appellee's contention that designation of Lake County as an exclusive supply area has no reasonable relation to the inspection problem, that the purpose and effect of section 577 of the ordinance is to erect a trade barrier and encourage monopoly within Lake County. Ap-

pellee points to the case of *Sheffield Farms Co., Inc.* v. *Seaman,* 114 N.J.L. 455, 177 Atl. 372. There the city of Perth Amboy refused a permit to sell milk for substantially the same reasons advanced here to support the prohibition of the ordinance. There, as here, plaintiff had complied with all the requirements of the law and met the standards set by the ordinance. The city contended it was not prepared to assume the additional expense incident to inspection of the plantiff's plant and that the city already had an adequate milk supply. The New Jersey court disposed of these contentions by saying: "It will serve no useful purpose to answer or further discuss the purported reason argued upon which the refusal is sought to be justified. * * * The city just took the position that it had enough milk dealers and that it had the situation 'well in hand.' Such a position is unreasonable; it is arbitrary, capricious and discriminatory." While the cited case differs from the instant one for the reason that the validity of an ordinance was not involved there, still the prohibition effected by the refusal of the permit is no more complete than that imposed in the instant case.

Appellee relies on *Higgins* v. *City of Galesburg,* 401 Ill. 87, where an ordinance was held invalid which required all suppliers and pasteurizers of milk sold in the city to obtain a license from and pay an inspection fee to the city. That ordinance also prohibited the sale of milk within the city unless pasteurized in plants within ten miles of the corporate limits. The basis for that decision was that the city of Galesburg had no power to license nonresident producers and processors. It is true the opinion in that case did not pass directly on the question of the area limitations. We find, however, the *Higgins case* expressly puts the invalidity of the restriction on a want of power in the municipality to exercise extra-territorial jurisdiction in line with the rule enunciated in *City of Rockford* v. *Hey,* 366 Ill. 526. In the *Higgins case* a geographical

limitation was fixed from beyond which milk and milk products might not be brought into the municipality for sale, and section 5 there prohibited the sale of milk unless bottled in licensed milk plants located within ten miles of Galesburg. This court held section 5 void and said, in part: "The challenged provisions of the ordinance represent attempts to exercise extra-territorial jurisdiction by the city of Galesburg and, for the reason stated in this opinion and upon the authority of *City of Rockford* v. *Hey,* 366 Ill. 526, these provisions are invalid and void."

It would unduly burden this opinion to set forth an analysis of the many cases cited which are not on all fours with the factual situation here. The attempted differentiation of the cases does not afford much assistance in the proper determination of the import of this ordinance. It would seem, however, that section 577 of the milk ordinance of the city of Waukegan operates, not to regulate, but to prohibit completely the sale of milk from outside Lake County within the city. The record does not disclose that the milk to be sold is harmful or that its sale within the city would endanger the health or welfare of the public. The only argument offered in support of such prohibition is that the city cannot inspect plants outside Lake County because of the expense and distance involved. This argument assumes that no means exists for the safeguarding of the health of its citizens except inspection by the city's own inspectors. That assumption is belied by the city's own evidence that it accepts and does not inspect milk inspected by the village of Winnetka, and further ignores the tender by appellee of all expenses incident to such inspection of its plant and its complete compliance with the laws of this State upon this subject.

The rationale of the *Higgins* and *Rockford cases* is that as municipalities do not possess the power to regulate milk plants beyond their limits, they cannot provide for their convenient location in order to subject them to regula-

tion. In our judgment the ordinance here attempts to regulate extra-territorially without possessing the power so to do. The powers given to municipalities as to extra-territorial jurisdiction are clearly pointed out in *City of Rockford* v. *Hey,* heretofore cited, and further comment is unnecessary. It is our opinion the ordinance represents an attempt to exercise extra-territorial jurisdiction. For this reason, and for the reasons above pointed out, section 577 of milk ordinance 237 is invalid and void. The judgment of the circuit court of Lake County is, therefore, affirmed.

*Judgment affirmed.*