CITY OF WEWOKA et al. v. ROSE LAWN DAIRY.

No. 33961.   Dec. 20, 1949.

*212 P. 2d 1056.*

S. W. Biggers and Criswell & Criswell, all of Wewoka, for plaintiffs in error.

Allen G. Nichols and Walter Billingsley, both of Wewoka, for defendant in error.

Rosenstein, Fist & Shidler, of Tulsa, amicus curiae.

JOHNSON, J. The parties herein will be referred to as they appeared in the trial court, plaintiffs in error as defendants and defendant in error as plaintiff.

Rose Lawn Dairy, plaintiff, filed an action in the district court of Seminole county, Oklahoma, on July 14, 1948, for a writ of mandamus against the defendants, city of Wewoka and its officers, to compel the issuance of a permit and license to sell, buy and otherwise handle milk and milk products in the city. On the same day the district court issued an alternative writ of mandamus directing the defendants to perform the duty asked for in the petition wherein it was alleged that the city arbitrarily and without authority of law denied plaintiff a permit or license to operate a milk business in the city of Wewoka, or in lieu thereof to appear before the court and show cause for refusal to do so. Thereafter, on the 10th day of August, 1948, defendants filed their response to plaintiff's petition, and the matter came on for trial on the same day. On the 11th day of August, 1948, the court entered judgment for the plaintiff granting a peremptory writ of mandamus.

In due time the defendants filed a motion for a new trial, which was overruled. It is from this judgment and order overruling motion for new trial that defendants appeal, asserting six specifications of error which have been grouped under two propositions.

The first proposition, in substance, was that since the plaintiff failed to plead or prove the health officer of the city of Wewoka, Oklahoma, acted in bad faith or arbitrarily in denying plaintiff a permit, the district court erred in overruling the demurrer to the evidence of plaintiff and erred in entering judgment against the defendants and overruling the motion for new trial.

The second proposition was that:

"Since the power of the City of Wewoka, Oklahoma, Health Officer to inspect source of milk supply as sanitary regulations was restricted to the limits of the City, acts incidental to such inspection, such as the Health Officer satisfy himself that the health officer of another jurisdiction was enforcing the milk ordinance, could not be compelled by mandamus where they could not be done within the limits of the city, and hence defendant in error could not compel the city health officer of the City of Wewoka, Oklahoma, to inspect source of milk supply outside of city limits and approve or disapprove it."

The defendants in refusing to grant the permit rely on a city ordinance which provides:

"Section 10

"Milk and Milk Products from Points beyond the Limits of Routine Inspection of the City of Wewoka, Oklahoma.

"Milk and milk products from points beyond the limits of inspection of the City of Wewoka, Oklahoma, may not be sold in the City of Wewoka, Oklahoma, or its police jurisdiction, unless produced and/or those of this ordinance; provided that the Health Officer shall satisfy himself that the Health Officer having jurisdiction over the production and processing is properly enforcing such provision.

"This section is intended to permit the Health Officer to bar milk and milk products shipped in great distance unless he can assure himself that they meet the provision of the ordinance. Under no conditions should the Health Officer authorize the receipt of such shipment if arrangements cannot be made for supervision, unless an emergency exists, in which case permission should be given for its receipt, provided it is labeled ungraded milk when distributed.

"It is suggested that the Health Officer approve milk or milk products from distant points without his inspection if they are produced and processed under regulations equivalent to those of this ordinance, and if the milk or milk products have been awarded by the State Control Agency a rating of 90% or more on the basis of the Public Health Service rating method."

The above ordinance of the city of Wewoka is based upon what is known as the United States Public Health Service Code of 1939 Edition. The city of Muskogee has a similar ordinance. In fact, many of the 127 Oklahoma towns in which milk and milk products of Rose Lawn Dairy are handled and sold have such an ordinance.

The authority of cities in Oklahoma under their police powers to enact an ordinance regulating persons producing, buying and distributing milk and milk products and prescribing the standards of milk products and conditions under which such products may be handled has been considered by the appellate courts of this state.

In Grider v. City of Ardmore, 46 Okla. Cr. 33, 287 P. 776, it was said:

"Reasonable ordinance regulations providing for the inspection of milk sold within the corporate limits and forbidding its sale when below a prescribed standard, and authorizing its summary destruction, if found to be impure, and levying a reasonable license fee for the privilege of distributing such milk in accordance with such standards, is valid and constitutional as within the police powers of cities of the first class in this state."

In Stephens v. Oklahoma City, 150 Okla. 199, 1 P. 2d 367, this court said:

"A municipal ordinance classifying milk dealers into three classes, to wit, farm dairies (dairies delivering milk only to pasteurizing plants and not offering raw milk for sale to consumers), pasteurizing plants, and inspected dairies (dairies offering raw milk for sale to consumers), and fixing fees for the licensing and regulation of various classes of milk dealers, is not unreasonable, arbitrary, unjust, and discriminatory, for the reason that the fees provided to be charged are not uniform and equal, there being a practical necessity justifying the legislative body in making the classification, in making a distinction between the various classes, and in providing different amounts of fees to be charged those operating under the various classes."

Under the authorities, without question, milk business is affected with public interest and is subject to regulation, but regulation must be reasonable and cannot be arbitrary, capricious or discriminatory, and reasonableness depends on facts. Sheffield Farm Company v. Seaman, 114 N. J. Law 455, 177 A. 372; Urban v. Taylor, 14 N. J. Mis. R. 887, 188 A. 232, Anno. 110 A. L. R. 649.

In McQuillin on Municipal Corporations, vol. 2, sec. 728, the rule is stated:

"Notwithstanding express power may exist to enact, the ordinance must provide a uniform rule of action; it must contain permanent legal provisions, operating generally and impartially, for its enforcement cannot be left to the will or unregulated discretion of the municipal authorities or any officer of the corporation."

The rule governing the action of defendants in this case has been well stated in McQuillin on Municipal Corporation, vol. 3, sec. 1105, page 700, which provides:

"Although the act of granting or refusing a license is, in a large measure, discretionary, the acting authorities are not vested with personal or arbitrary power, but are subject to the control

of the courts when it appears that they have acted arbitrarily in the premises and have abused the public trust reposed in them."

The substance of the above rule has been recognized in Peed v. Gresham et al., 53 Okla. 205, 155 P. 1179. There it was said:

". . . where an inferior officer is vested with the exercise of discretion of judgment, his duties are clear, and there are not sufficient controverted facts to call for the exercise of discretion and judgment, or where such officer acts arbitrarily . . . a writ of mandamus may be issued to require the performance of his duty. . ."

The city health officer, under section 10 of the Wewoka, Oklahoma, Ordinance, supra, obviously had authority to exercise some degree of discretion, based upon his skill and professional training, and the rule announced in Walker v. Birmingham et al., 216 Ala. 206, 112 So. 823, cited by defendants, is applicable here. There the court held:

"Officers charged with regulating sale of milk under ordinance had discretion to refuse license, not reviewable unless arbitrarily exercised."

Therefore, the question is, are the facts as disclosed by the record in this case sufficient in law to authorize the issuance of the peremptory writ of mandamus?

The essential facts are that plaintiff operates a large modern milk processing plant in Eastern Oklahoma, located at Muskogee, Oklahoma; that they buy milk from a large territory (referred to as "Muskogee Dairy Shed Area") covering the following counties in Oklahoma: Muskogee, Adair, Wagoner, Sequoyah, Ottawa, Choctaw and Okfuskee; that in addition to this territory they buy some milk across the line in Missouri from Miami, Oklahoma, and in Benton county, Arkansas, five or six miles over the line from Adair county, Oklahoma; that the State Health Department has inspectors and health officers located at various places in this milk shed area; that the sanitarian for the Muskogee Milk Shed Area spends all of his time in making milk inspections of the area; that he and other state health officers are continuously engaged in the inspection of plaintiff's plants and their source of supply; that plaintiff's plants and milk products are inspected by the state health officers, cities, state and federal inspectors; that they sell milk and milk products to over a hundred towns in Oklahoma, many of them having milk control ordinances identical with that of the city of Wewoka; and also their milk and milk products were and are sold to nearby army posts; that their products are of the highest quality and fully comply with all federal, state and local laws and regulations; that the state control agency has awarded to plaintiff a rating of 92.4 per cent on the basis of the public health service rating method; that they were refused a permit or license to operate in the city of Wewoka. The city health officer of Wewoka, without any inspection of the milk shed area by him, was of the opinion that the inspection provided therefor was insufficient, and regardless of the findings of other health officers or the fact that plaintiff's rating by the state health control agency was 92.4 per cent, he recommended that a license or permit should be denied. In testifying relative to the reason given in a letter for denying the permit, the record discloses that the mayor of the city of Wewoka testified as follows:

"Q. Mr. Mayor, do you recall what reason you gave for the City Council's denial of their application? A. I recall generally the thought I had in mind; I think you hold in your hand a letter . . . I will be glad to say that we did not, since we could not make the inspection, we did not feel we should weaken our ordinance on our milk condition here, which we had spent a lot of time and effort in building up. Q. In other words, you gave as your reason, the Council's reason, was in the following language: ' . . . The city council has considered the proposition placed before us with reference to changing our milk ordinance and per-

mitting Rose Lawn Dairy to distribute its products here. In view of the fact that we could not police or inspect their milk shed or the producers from whom they get their milk, it was the unanimous opinion of the council that we should not disturb our present ordinance.' A. I believe that's the exact language I used . . . Q. That's the only reason you gave for turning the permit down? A. That might have been the only reason I gave in the letter. I didn't feel like I wanted to put Dr. Shanholtz on the spot and I perhaps didn't quote him, which I might have done, but as was said in Mr. Williams' and Wilcox' presence, we were going to govern the action of the Council by the recommendations and judgment of our Health Department, in which we had implicit confidence."

We are of the opinion that the provision of the ordinance, section 10, supra, providing that: "This section is intended to permit the health officer to bar milk and milk products shipped in great distance unless he can assure himself that they meet the provision of the ordinance. Under no condition should the health officer authorize the receipt of such shipment if arrangement cannot be made for supervision," is ineffective to sustain the action of the city health officer under the facts in this case. Such a provision is unreasonable, and its enforcement is left to the will or unregulated discretion of the municipal authorities or officer of the corporation. McQuillin on Municipal Corporations, vol. 2, sec. 728, supra; Miller v. Williams, 12 Fed. Supp. 236, Anno. 110 A. L. R. 648. It was said in this case, in syllabus 3 (headnote 3):

"Milk and cream held not subject to exclusion from ordinary currents of trade and commerce whether interstate or intrastate, except by regulations reasonably designed to protect health of community."

In the opinion it was said:

"Milk and cream are not only necessary articles of food but are perfectly lawful subjects of commerce. They may not be excluded from the ordinary cur-

rents of trade and commerce whether interstate, or intrastate, except by regulations reasonably designed to protect the health of the community. Whitney v. Watson, 85 N. H. 238, 157 A. 78; Grant v. Leavell, 259 Ky. 267, 82 S. W. 2d 283; Cofman v. Ousterhous, 40 N. D. 390, 168 N. W. 826, 18 A. L. R. 219. . . "

And in the opinion it was further stated:

"The case does not in any way imply the necessity or obligation of the health commissioner to make inspection of dairy plants or farms situated so far from Baltimore that it is not reasonable or practicable to do so in view of the limited personnel of his department. It is optional with him, within the limitations of his facilities, whether to make such foreign inspections or not. But if he finds its impracticable or inadvisable to do so, then some other form of requirement reasonably adequate to the occasion must be adopted, sufficient to protect the local health but not to constitute an impassable barrier. . ."

It occurs to us that the real objection of the health officer in this case was based on the alleged impracticability of adequate and effective supervision by the city of Wewoka's own representatives of remotely situated foreign dairy plants or producers. Under this provision of the ordinance no other form of requirement reasonably adequate to protect the local health was available to plaintiff, and this requirement constituted an impassable barrier to anyone desiring to sell milk within the city of Wewoka regardless of the standard of quality of the product. We believe the trial court was justified in holding as it did. Lack of means of supervision alone was not a sufficient basis for excluding the milk products of plaintiff or refusing a license. Miller v. Williams, supra.

We now consider the provision of the ordinance, section 10, supra, wherein it is suggested that the health officer approve milk or milk products from distant points without his inspection if

they are produced under regulations equivalent to those of this ordinance, and if the milk and milk products have been awarded by the state control agency a rating of 90 per cent or more on the basis of the public health service rating method. Obviously, the products of plaintiff met this standard and were produced under, not only equivalent, but identical regulations, all inspectors, federal, state and city, using the same standards and methods of inspection and grading.

When the conditions outlined in the ordinance had been met by plaintiff, as was done in this case, it was the duty of defendants to issue to plaintiff a license, and the action of defendants in refusing to do so was arbitrary. Defendants were properly compelled by peremptory writ of mandamus to grant the license. Whitney v. Watson, supra; State ex rel. Knese et al. v. Kinsey et al., 314 Mo. 80, 282 S. W. 437; Colteryahn Sanitary Dairy v. Milk Control Com., 332 Pa. 15, 1 A. 2d 775, 122 A. L. R. 1049, and annotations; Empire Home Furnishers, Inc., v. White, Mayor, 143 Mis. 285, 256 N. Y. S. 451; Librizzi v. Plunkett et al., 126 N. J. L. 17, 16 A. 2d 280; Phillips et al. v. Borough of East Paterson et al., 134 N. J. L. 161, 46 A. 2d 667; Dunn v. Central City et al., 285 Ky. 482, 148 S. W. 2d 347; Dean Milk Co. v. City of Waukegan et al., 403 Ill. 597, 87 N. E. 2d 751.

It is also urged by plaintiff that the regulatory provisions of the ordinance were invalid because they are in conflict with the general laws by which this state has assumed complete control and provided adequate supervision of all dairies, milk and milk products.

Under the above conclusions, we deem it unnecessary to pass upon this question.

It follows from what we have said that the court was correct in granting the peremptory writ of mandamus, and that the judgment should be and is hereby affirmed.

WELCH, CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur.