204

Dean Milk Company *et al.*, Appellees, *vs.* The City of Elgin *et al.*, Appellants.

*Opinion filed January 18, 1950.*

W. Ben Morgan, Corporation Counsel, Charles G. Seidel, and Beverly, Oddsen & West, all of Elgin, for appellants.

Gariepy & Gariepy, of Chicago, (Fred A. Gariepy, and John Spalding, of counsel,) for appellees.

Mr. Justice Daily delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Kane County which found a portion of the city of Elgin's milk ordinance unreasonable and void, and enjoined the defendant city and its officers from interfering with plain-

tiffs' sale of milk in that city. Plaintiffs are the Dean Milk Company, a corporation, and A. M. Neville, its distributor in Elgin. The appeal is made directly to this court following a certificate of the trial judge that the validity of a city ordinance is involved and that the public interest requires a direct appeal.

The pertinent portion of the ordinance which the city seeks to apply to the plaintiff company, and which the latter contends to be void, is as follows:

"3. (b) 2. *Milk plants.* Every person selling, offering for sale, exposing for sale, exchange or delivery or disposing of milk or milk products in and from any milk plant shall pay an annual plant license fee as follows:

"(a) For milk plants located within the City of Elgin, an annual fee of $10.00

"(b) For milk plants located outside the City of Elgin a minimum annual fee of $20.00

"Plants operating more than one (1) wagon for each additional wagon $5.00

"Each person operating a milk plant selling, delivering, or bringing milk or milk products into the City of Elgin for sale or consumption in the City of Elgin shall pay to the City of Elgin on or before the 20th day of each month, an inspection fee based on the amount of milk or cream received by such milk plant during the preceding calendar month as follows:

"(aa) On each 100 lbs of milk received . . . . . . . . . .01

"(bb) On each 100 lbs of cream received other than that used for butter manufacturing. . . . . . . . . . . . . . . . . . . . . . .06

"Each person operating a milk plant shall transmit to the City Collector the required inspection fee together with a true and correct statement of all milk and cream received by such plant during the preceding month, certified by the owner or his lawful agent. Failure to transmit such fee and statement shall subject the person operating such milk plant to a penalty of $1.00 for each forty-eight (48) hours'

delay. Continued delay in making payment of such inspection fee and penalties shall be cause for revocation of the milk plant license."

Dean Milk Company has no plant in Elgin, but supplies that city from its plant at Chemung, Illinois, forty-five miles away. Milk for the plant is obtained from farmers within a twenty-mile radius of the plant and from two Wisconsin dairies about fifty miles away. Approximately 36,000,000 pounds of milk are received annually at the Chemung plant, of which two percent, or 720,000 pounds, are sold within the territorial limits of Elgin. It also appears that the fee of one cent per hundred pounds for all the milk processed at the Chemung plant would be more than the combined fees of other dealers supplying Elgin, while plaintiff would be selling less than one fortieth of all the milk sold in the city. We note, too, that there is no dispute as to the purity or quality of plaintiff's products, methods or equipment, and that the company operates at the Chemung plant under certificate of approval from the State Department of Health and the Division of Foods and Dairies.

While much argument is presented as to whether the ordinance is unreasonable and confiscatory, and as to its validity in relation to the commerce clause of the Federal constitution, the first issue confronting us is whether the provisions of the ordinance amount to an attempt to regulate milk plants beyond the corporate limits of the city, and thus an attempt to exercise extraterritorial jurisdiction. Municipal ordinances, in the absence of further power conferred upon municipalities, are necessarily local in their application, operating usually in the territory of the municipality by which they are enacted and without force beyond it. (*City of Rockford* v. *Hey,* 366 Ill. 526.) Section 1 of article 8 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1947, chap. 24, par. 8-1,) provides that corporate authorities in all municipalities have jurisdiction in and over all places within one-half mile of the corporate

limits for the purpose of enforcing health and quarantine ordinances and regulations.

The validity of ordinances relating to the control and inspection of milk, its sources and processing plants located outside the territorial limits of the enacting municipalities, has been considered by this court three times in the past two years. In *Higgins* v. *City of Galesburg,* 401 Ill. 87, the ordinance in question provided for the licensing of nonresident producers of milk, a nominal inspection fee, and in addition prohibited the sale of milk within the municipality unless bottled in licensed plants located within ten miles of the city. In *Dean Milk Co.* v. *City of Waukegan,* 403 Ill. 597, the ordinance attacked set forth that "No milk or milk products shall be sold in the City of Waukegan unless the same is produced and pasteurized in Lake County, Illinois." The questioned ordinance in *Dean Milk Co.* v. *City of Aurora,* 404 Ill. 331, provided that milk could not be brought into the city from points beyond twenty-five miles from Aurora without inspection by Aurora officials, and that there would be no inspection of plants beyond that limit. In all the cases the ordinances were declared void because the restrictions and regulations they imposed constituted attempts by the municipalities to exercise extraterritorial jurisdiction beyond the powers conferred upon them by the legislature. We shall not repeat the citations and evaluations of the law on the issue which are set forth in those opinions. It was concluded that while cities possess the authority to regulate the sale of milk within their territorial limits, it does not follow that regulation of milk plants beyond their limits can be accomplished by permitting local sales or distribution only on condition that such regulations be complied with.

Defendants in this case urge that the ordinance makes no effort to regulate or control a plant outside the city limits of Elgin, fixes no geographical limits, and relates only to the sale of milk in Elgin. Such contention over-

looks that the ordinance clearly provides for a minimum "annual plant license fee," for inspection fees for plants located beyond the city limits and for prohibitions and penalties if such license and inspection fees are not paid. A similar contention was made in the *Aurora case*, wherein we said of such argument: "It is a distinction without a difference. The effect is the same whether nonresident milk plants are required to be licensed as such or whether the granting of a license to sell or distribute milk within the city is conditioned upon compliance with requirements prescribed for milk plants supplying such milk." We are of the opinion that the tenor of the ordinance here is such that it is an attempt to license and regulate a milk plant more than one-half mile beyond the city limits of Elgin. The decisions in the *Galesburg, Waukegan,* and *Aurora cases* are controlling and the ordinance is void. It is unnecessary that we consider the contentions that the ordinance is unreasonable and confiscatory, and that it contravenes the commerce clause.

Defendants further assign as error the action of the trial court in refusing to reopen the cause for the admission of further evidence nine months after the proofs had been closed. We would be justified in holding that defendants had abandoned such error by their failure to argue the point in their brief. However, the well-settled rule is that whether additional evidence shall be heard after a case has been taken under advisement rests in the sound judicial discretion of the trial court and will not be interfered with except for clear abuse. (*Cienki* v. *Rusnak,* 398 Ill. 77; *Forest Preserve Dist.* v. *Lehmann Estate,* 388 Ill. 416.) It appears that the additional proof sought to be introduced by defendants was prompted by our decision in the *Galesburg case,* and would have been for the purpose of showing that health considerations made it necessary that the city of Elgin make inspections and license plants outside its corporate limits. Such evidence could not conceivably

have established such power in the city since it can only be derived from a grant of the legislature and none now exists. It is noteworthy, too, that the motion was not made until six months after our decision in the *Galesburg case*. We find no abuse of the trial court's discretion.

The decree of the circuit court of Kane county is affirmed.

*Decree affirmed.*