OKLAHOMA CITY, a Municipal Corporation, Plaintiff in Error,

v.

L. L. POOR, Defendant in Error.

No. 37033.

Supreme Court of Oklahoma.

June 5, 1956.

A. L. Jeffrey, Municipal Counselor, Walter M. Powell, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error.

Frank Grayson, Oklahoma City, for defendant in error.

PER CURIAM.

The parties to this cause will be referred to as they appeared in the trial court, L. L. Poor, plaintiff, and The City of Oklahoma City, defendant.

Plaintiff sought to enjoin the enforcement by the defendant city of Section 8, of Ordinance No. 7235, as amended by Section 7 of Ordinance No. 7340, which reads as follows:

"Section 8. Grades of Milk and Milk Products Which May Be Sold—from and after the date on which this ordinance takes effect, no milk or milk products shall be sold to the final consumer, or to restaurants, soda fountains, grocery stores, or similar establishments, except certified pasteurized and Grade 'A' pasteurized, and certified raw and Grade 'A' raw; provided that when any milk distributor fails to qual-

ify for one of the above grades, the health officer is authorized to suspend his permit, and/or to institute court action, or in lieu thereof, to degrade his product, and to permit its sale during a temporary period not exceeding 30 days, or in emergencies such longer periods as he may deem necessary; provided, however, that no person who does not now have approval for the production and sale of certified raw and/or Grade 'A' raw milk shall be permitted hereinafter to sell Grade 'A' raw milk."

Plaintiff alleged in his pleadings that he operates a farm near Blanchard, Oklahoma, produces all milk he sells and that his sales are in the city limits of Oklahoma City; that he made application to defendant on February 1, 1955, for a permit which was denied on the ground that under the provisions of said Section 8 of the Ordinance, as amended, only those then licensed could be approved for the production and sale of certified and/or Grade "A" raw milk; that he has a considerable investment in his dairy farm and has complied with the law in all respects insofar as the defendant has permitted him to do; that he has been arrested several times for violation of the Ordinance and by reason thereof has been unable to serve his customers and will suffer great financial loss unless the defendant is enjoined from enforcing the Ordinance; that the Ordinance is unconstitutional in violation of Article 2, Section 7 of the Oklahoma Constitution providing, "No person shall be deprived of life, liberty, or property, without due process of law". And also Article 5, Section 59 which reads, "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

The defendant demurred to plaintiff's pleadings alleging that no cause of action had been stated. The trial court overruled the demurrer on the ground that the Ordinance under attack is invalid and when defendant refused to plead further, entered judgment for plaintiff enjoining the defendant from attempting to enforce the amended section of the Ordinance and from refusing to accept plaintiff's application for a permit to sell raw milk within the City.

As stated by counsel for defendant on its appeal the effect of the amended section of the Ordinance is to allow holders of permits presently engaged in selling raw milk at the time of the adoption of the Ordinance to continue to sell raw milk and to prohibit the issuance of raw milk permits to any others that might make application therefor.

This appeal, on transcript of the pleadings alone, presents an unmixed question of law posing the question as to whether or not the defendant city had the authority thus assumed.

 It is now established in this jurisdiction and under the authorities generally that the milk business is affected with public interest and is subject to regulation, but the regulation must be reasonable and not arbitrary, capricious or discriminatory. The legislation promulgated incident to such regulation must provide a uniform rule of action, containing permanent legal provisions operating generally and impartially. City of Wewoka v. Rose Lawn Dairy, 202 Okl. 286, 212 P.2d 1056. The important question arising in each case pertaining to the power and authority of the legislative body in enacting legislation on this subject is the reasonableness of the regulation as a public measure in the interest of public health. City of Henryetta v. Rose Lawn Dairy, 205 Okl. 590, 239 P.2d 774.

██ The distinction attempted by the legislative body of the defendant city must be, to have been validly enacted, reasonable, not arbitrary, and rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.

There is no legal or logical presumption to be indulged that only those presently licensed to sell raw milk in Oklahoma City are qualified or could qualify to engage in that business without endangering the health of the inhabitants. Protection of the public health is accorded the municipality under its power to enact provisions such as that incorporated in the questioned section, whereby the permit may be suspended or revoked in the event the milk distributor fails to

qualify for one of the grades for which a permit has been granted.

▮ It cannot be said that an ordinance, the purpose of which is the safeguarding of the public health, makes a classification having a fair and substantial relation to its object, where by its terms only those holding permits for the sale of raw milk are accorded the right to engage in such business which right is forbidden to all others solely on the ground that they did not have such permit at the time the Ordinance was enacted.

The judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford and approved by Commissioners James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.