(No. 31101.—

DEAN MILK COMPANY, Appellee, *vs.* THE CITY OF AURORA *et al.,* Appellants.

*Opinion filed November 22, 1949.*

Roy J. Solfisburg, Jr., City Attorney, of Aurora, for appellant.

Gariepy & Gariepy, of Chicago, (Fred A. Gariepy, and John Spalding, of counsel,) for appellee.

Mr. Justice Crampton delivered the opinion of the court:

The plaintiff, Dean Milk Company, brought suit in the circuit court of Kane county against the city of Aurora and its officers, seeking a declaratory judgment that cer-

tain portions of the milk ordinance of that city are invalid, and praying that defendants be enjoined from enforcing them against plaintiff. An answer and reply were filed and evidence heard, after which the court entered a judgment and decree granting in substance the relief requested by plaintiff. Defendants appeal directly to this court, the trial court having certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal.

The milk ordinance of the city of Aurora imposes detailed regulations upon the production, distribution and sale of milk and milk products. The portions in controversy are sections 4a, 4b and 12, as amended. Section 4a makes it unlawful to send milk into the city for sale unless a permit is obtained, and provides that only those who comply with the ordinance shall be entitled to such a permit. Section 4b requires any person engaged in the sale or distribution of milk to obtain a license, and provides that no license shall be issued until the health officer and the mayor approve the application and an annual license fee of $50 is paid for each vehicle used in the business. This section also provides for revocation of the permit if the ordinance is not complied with. Section 12 provides that the limits of routine inspection (required of all milk plants whose products are intended for consumption within the city) shall be 25 miles from the city limits, and that milk from points beyond such limits of routine inspection may not be sold in the city unless produced and pasteurized under requirements equivalent to those of the Aurora ordinance. A proviso is then added that any milk not pasteurized within the limits of routine inspection shall not be sold in the city unless its container bears a printed label reading: "This milk is not graded and not inspected by the health officer of the City of Aurora, Illinois." The appellee's milk plant is located more than 25 miles from the corporate limits of Aurora.

It is not disputed that appellee's milk is a pure and healthful product and that it meets the standards of quality prescribed by the ordinance. The question is whether appellants can compel appellee to submit to the requirements of this ordinance as to the operation of its milk plant and the labelling of its products, as a condition to any sale of its milk within the city.

Appellants first contend that the circuit court was without jurisdiction because no actual controversy exists, within the meaning of the declaratory judgment provisions of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 181.1.) To support this contention they assert that there was no adequate evidence that appellee was selling milk in the city and that it is, therefore, attacking an ordinance in which it apparently has no interest. There is no merit in this position. The amended answer alleges that appellee has been doing business under a license and permit to sell milk under the ordinance. This is admitted by the reply. In addition, testimony was introduced showing that appellee's milk is sold in the city of Aurora. It is clear that the adjudication is not confined to abstract propositions of law but involves a very real dispute between the parties.

The principal issue is whether the appellant municipality has power to require nonresident producers of milk to submit to plant inspections and, as to milk pasteurized more than 25 miles distant, to require the designated label on its container before any license and permit to do business in the city will be issued. The ordinance prescribes in minute detail the methods and conditions under which milk shall be produced and pasteurized, and contains extensive provisions relating to inspection of all dairy farms and milk plants whose milk is intended for consumption within the city. Under section 4a only a person "who complies with the requirements of this ordinance" shall be entitled to a permit to sell milk in the city. We think such provisions amount to an attempt to regulate dairy

farms and milk plants beyond the corporate limits of the city, and are not within the powers delegated to it by the legislature.

It is an inherent limitation upon the powers of a city that they shall operate only within the corporate boundaries of the municipality. Its ordinances can have no extraterritorial effect in the absence of legislation expressly conferring such power upon the corporation. (*City of Rockford* v. *Hey,* 366 Ill. 526.) There is no doubt that cities possess the authority to regulate the sale and distribution of milk within their territorial limits. It does not follow, however, that regulation of milk plants beyond such limits may be accomplished by permitting local sales or distribution only on condition that such regulations be complied with. We have recently held void ordinance provisions which sought to require the licensing of nonresident producers whose milk is sold or distributed within the municipality and which purported to prevent the sale of milk unless bottled in licensed milk plants located within ten miles of the city limits. (*Higgins* v. *City of Galesburg,* 401 Ill. 87.) We there observed that "Statutory authority for a municipality to require a dairy farm or milk plant located more than one-half mile beyond its limits to obtain a license or permit and pay an inspection fee is lacking." The provisions of the present ordinance differ in no material respect from those considered in that case and must likewise be held void and of no effect.

Appellants seek to distinguish the *Higgins case* on the ground that the Aurora ordinance "does not attempt to license anybody outside the City of Aurora." It is a distinction without a difference. The effect is the same whether nonresident milk plants are required to be licensed as such or whether the granting of a license to sell or distribute milk within the city is conditioned upon compliance with requirements prescribed for milk plants supplying such milk.

Section 4b is invalid for the further reason that it is an unwarranted delegation of legislative power. It provides that "Such license shall not be issued until the approval of the issuance thereof is had from the health officer of the City of Aurora, and the Mayor of the City of Aurora." It does not specify the circumstances under which approval must be given, but purports to vest in the designated officers wide discretion to give or withhold their approval. It is beyond the power of a municipality to delegate to an administrative officer its inherent function of determining what the law shall be and to whom it shall be applied. *City of Rockford* v. *Hey,* 366 Ill. 526.

The provisions of section 12 are clearly beyond the powers of the appellant municipality. What has already been said applies to render invalid the first part thereof, which purports to prohibit the sale of milk from plants more than 25 miles distant unless produced and pasteurized under provisions equivalent to the Aurora milk ordinance. The section further ordains that any milk not pasteurized within the 25-mile limit cannot be sold in the city unless its container bears the label "This milk is not graded and not inspected by the health officer of the City of Aurora, Illinois." In our view such a requirement is unreasonable and without any tendency to promote or protect the health of consumers. There is no contention that appellee's milk is not a pure and wholesome product or that its quality is any lower than that of milk produced by local dairies. The sales deterrent of a label of this kind is obvious. It is apparent that such labelling of the container carries an imputation which would seriously impair appellee's business in the city of Aurora. The provisions in question have no basis in any statutory authority possessed by the appellant city and are, therefore, void and of no effect.

In *Dean Milk Company* v. *City of Waukegan,* 403 Ill. 597, we considered the validity of a milk ordinance similar

in many respects to that in the present case. The ordinance involved in that case required that milk or milk products be produced and pasteurized in Lake County as a condition to any sale thereof in the city of Waukegan. After careful consideration of the questions presented by such restrictions we concluded that they constitute attempts to exercise extraterritorial jurisdiction, beyond the powers conferred upon municipalities by the legislature, and as such are void. It was held to be no justification for the attempted limitation that the city's system of inspection would not be practicable and effective in the absence of such limitation. The reasoning in the *Waukegan case* is applicable, also, to the case at bar.

In view of our conclusion, it becomes unnecessary to consider the further contention of appellee that the provisions in question contravene the commerce clause of the Federal constitution.

Appellants point out that subsequent to the amendment of section 12 by section 7 of ordinance No. 2626 it was further amended by ordinance No. 2726, and that the judgment and decree below failed to refer in any way to this latter amending ordinance. They then contend that the subsequent amendment repealed and replaced ordinance No. 2626,'with the result that it was not in effect at the time the decision was rendered and that the court, therefore, decided a moot question. It is true the decree refers only to sections 1, 2 and 7 of ordinance No. 2626, which purport to amend and set forth as amended, sections 4a, 4b and 12, respectively, of the milk ordinance. The changes which ordinance No. 2726 purports to make in section 7 of ordinance No. 2626, however, are not significant as far as the present issues are concerned, the wording of the section remaining substantially the same. Under such circumstances, the portions of the old law as are repeated, either literally or substantially, in the new law are to be regarded

as a continuation of the former and not the enactment of a new law on the subject. (*Svenson* v. *Hanson*, 289 Ill. 242.) As the ordinance amended is void and, in legal contemplation, as inoperative as though it had never been passed, the later ordinance purporting to amend it is likewise void and of no effect.

For the reasons stated, the judgment and decree of the circuit court are affirmed.

*Judgment and decree affirmed.*