Thillens, Inc., Appellee, v. Benjamin O. Cooper, Auditor of Public Accounts of State of Illinois, Defendants.
On Appeal of Harold A. Arnold, Trading as Lakeview Currency Exchange; Ralph Barr and Louis Wolfberg, Copartners, Trading as Marshall Square Currency Exchange; John F. Bogie, Trading as Ravenswood Currency Exchange; and Sidney Sorkin, Trading as Certified Currency Exchange, Intervenors, Appellants.

Gen. No. 45,608.

Opinion filed November 27, 1951. Released for publication January 3, 1952.

HIRSCH E. SOBLE, and THOMAS P. HENEHAN, both of Chicago, for appellants.

TENNEY, SHERMAN, ROGERS & GUTHRIE, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, all of Chicago, for appellees; HENRY F. TENNEY, GEORGE B. ROGERS, WEYMOUTH KIRKLAND, CARL S. LLOYD, DAVID JACKER, and GEORGE H. DAPPLES, all of Chicago, of counsel.

MR. PRESIDING JUSTICE TUOHY delivered the opinion of the court.

This is an interlocutory appeal from a temporary injunctional order entered July 2, 1951, upon verified complaint which sets up these facts: Plaintiff owns and operates a business known as North Town's City Wide Check Cashing Service. Its business consists of cashing industrial payroll checks for employees of business establishments located in the Chicago area upon the premises of the employer. Plaintiff receives a small fee for the cashing of each such check. More than 75,000 employees per week receive this service of cashing checks totaling in excess of $4,750,000. Plaintiff owns a fleet of nineteen armored vehicles which it uses for the transportation of currency, which currency is obtained almost entirely from the proceeds of

bank loans pursuant to a loan agreement with a banking syndicate. The value of the business is more than a million dollars, and it is alleged that the business would be destroyed if its operations were suspended for even a brief period of time.

Prior to July 1, 1951, there was in effect in the State of Illinois an Act known as the Community Currency Exchange Act, passed in 1943, pertaining to the regulation of community currency exchanges. (Ill. Rev. Stat. 1949, chap. 16½, pars. 31–56 [Jones Ill. Stats. Ann. 10.70–10.96].) In the case of *People v. Thillens*, 400 Ill. 224, the Act was held not to apply to the ambulatory exchange business operated by plaintiff. On July 1, 1951, a bill known as House Bill No. 437 passed by the Illinois legislature became effective, the same being an amendment to the Community Currency Exchange Act. Under the terms of the amendment ambulatory currency exchanges such as that conducted by plaintiff were brought under the provisions of the Act. The Act provides certain conditions precedent to the conduct of its business with which the bill alleges it is impossible to comply, particularly the condition which requires a separate license for each of the upwards of 800 locations now serviced by plaintiff. The complaint challenges the constitutionality of the Act and asserts that unless enforcement is restrained pending final adjudication of its constitutionality, plaintiff will be forced to discontinue its business and irreparable injury will follow. The complaint prayed a declaratory judgment declaring the amendatory Act void and unconstitutional, and that the defendants and all others in the same class be enjoined temporarily and permanently from exercising any of the powers, rights or duties conferred upon them respecting enforcement of said amendatory Act.

The defendants are Benjamin O. Cooper, Auditor of Public Accounts of the State of Illinois; Ivan A.

Elliott, Attorney General of the State of Illinois; John S. Boyle, State's Attorney of Cook County, Illinois, alleged to be public officers charged by law with the duty of enforcing compliance by plaintiff and others with the provisions of this legislation or in the alternative of prosecuting violations occurring thereunder. The remaining defendants, Herbert Brewersdorf and Roy Clark, are alleged to be operators licensed to conduct community currency exchanges and are legally operating in the same community as that in which plaintiff is engaged in its business. The appeal herein is taken by Harold A. Arnold, Ralph Barr, Louis Wolfberg, John F. Bogie, and Sidney Sorkin, operators of competitive non-ambulatory community currency exchanges, who intervened in the proceeding apparently for the purpose of prosecuting this appeal.

It is contended that the injunction was wrongfully issued because (1) the complaint failed to state a cause of action in that it failed to allege a "case of actual controversy" as required by section 57½ of the Civil Practice Act on declaratory judgments (Ill. Rev. Stat. 1951, chap. 110, par. 181.1 [Jones Ill. Stats. Ann. 104.057(1)]), (2) the complaint set forth no sufficient showing of irreparable injury, and (3) Circuit Judge Harry Fisher was without jurisdiction to enter the temporary injunctional order.

█ It is to be observed in the beginning that we may not concern ourselves with the constitutionality of the statute in question, but only with the question as to whether or not the temporary injunctional order was improvidently entered.

█ We first direct our attention to the objection that the complaint does not state a case of actual controversy. The theory set forth in the complaint is that prior to the date of the passage of this legislation, the constitutionality of which is questioned, plaintiff was in the enjoyment of a valuable property right; that

148

upon the passage of this legislation it was deprived of the property right because it was impossible for it to comply with the terms of the Act and continue the orderly operation of its business. Aside from any action which defendant-intervenors might decide to take in order to prevent plaintiff from operating its business in competition with defendants and in violation of law, there would be an obligation on the part of the law enforcing defendants to proceed by criminal prosecution, or otherwise, to prevent plaintiff from further operation in violation of law. *Dean Milk Co. v. City of Aurora*, 404 Ill. 331, supports plaintiff's position in this respect. In addition, there is another element inherent in this case which serves to distinguish it from cases to the effect that before the injunctive processes may be invoked there must be a threat on the part of the law enforcing officers to institute proceedings, relied upon by intervenors. Under section 29 of the Act currency exchange operators are granted a special right to apply to any court of competent jurisdiction for an injunction restraining "unfair competition," which is defined by the same section as being competition between an unlicensed ambulatory currency exchange and a licensed community currency exchange doing business in the same community. We cannot close our eyes to the realities of the situation thus presented. Intervenors' presence in the suit and the vigor with which they, as private persons (as distinguished from public officials), have pressed this appeal definitely mark it as an adversary proceeding. Other cases cited by intervenors, holding in effect that suit for declaratory judgment may not be brought to secure advisory opinions or to establish mere abstract propositions of law, are not in point for the reason that we are here confronted with a very real controversy between adversary parties involving the very life of plaintiff's business.

▆▆▆▆▆▆

▆▆▆▆▆▆

▆ Intervenors argue further that the complaint falls short of what is required in order to charge threatened irreparable injury. The facts here reviewed are sufficient to indicate that if plaintiff is forced to discontinue its business as alleged, irreparable loss will follow. The trial judge did not abuse his discretion in this respect. *Fitzgerald v. Christy,* 242 Ill. App. 343; *Schuler v. Wolf,* 372 Ill. 386.

▆ Intervenors argue finally that the judge who heard the case was without jurisdiction to enter the temporary injunctional order. This objection is based upon the contention that JUDGE HARRY FISHER, on the date the injunction was entered, was not a chancery judge, but was by general order of the Executive Committee of the circuit court designated as ''Motion Judge, Assignment Judge and Jury Judge,'' and as the ''Motion Judge'' he was authorized by general order to hear certain motions in common-law cases. The complaint herein is basically a complaint for a declaratory judgment that the Act under consideration is unconstitutional and void. There can be no question that under the statute relating to declaratory judgments a court of law had jurisdiction to decide the issues involved. Actions brought under the declaratory judgment statute are neither actions at law nor in equity, but *sui generis.* While no specific provision is made as to whether or not the action shall be brought on the legal or on the equitable side of the court, it apparently was the intention of the legislature that the forum would depend on the issues involved and the relief sought. In the case under consideration the primary and essential question involves a determination of the constitutionality and construction of a statute. That is a legal issue. The injunctive relief sought is merely incidental, seeking to maintain the status quo until the constitutional question can be determined. We are of the opinion that JUDGE FISHER had jurisdiction in the premises.

150

For the foregoing reasons the temporary injunctional order of the circuit court of Cook county is affirmed.

*Injunctional order affirmed.*

SCHWARTZ and ROBSON, JJ., concur.