Merle Hoagland, et al. d/b/a Hoagland Transfer Company, Plaintiffs-Appellees, v. Joseph D. Bibb, as Director of the Department of Public Safety of the State of Illinois, and William H. Morris, as Superintendent of the Division of State Highway Police, Department of Public Safety of the State of Illinois, Defendants-Appellants.

Gen. No. 10,119.

Third District.

January 8, 1957.

Released for publication January 24, 1957.

Latham Castle, Attorney General, of Springfield, for defendants-appellants; Richard W. Husted, Assistant Attorney General, of counsel.

DeBoice, Greening & Ackerman, of Springfield, for plaintiffs-appellees.

JUDGE ROETH delivered the opinion of the court.
This is an appeal from an interlocutory order denying a motion to dissolve a temporary injunction. On October 29, 1956 plaintiffs filed a complaint against the Director of Public Safety and the Superintendent of

the Division of State Highway Police of the Department of Public Safety praying for a declaratory judgment declaring Section 121.02 of the Uniform Act Regulating Traffic on Highways, being Section 218b of Chapter 95½ Illinois Revised Statutes 1955 unconstitutional and for temporary and permanent injunction enjoining enforcement of the act. The act in question is commonly referred to as the Splash Guard Act. The amendatory act was passed at the 1955 session of the Legislature and was approved July 15, 1955. It became applicable to certain trucks on September 1, 1955 and applicable to all trucks on January 1, 1957. On October 30, 1956 plaintiffs gave notice to defendants that on November 1, 1956 they would appear in the Circuit Court of Sangamon County and move for a temporary injunction in accordance with the prayer of the verified complaint. On November 1, 1956 the Circuit Court with the Honorable Clem Smith presiding granted the motion and ordered a temporary injunction, restraining the defendants from enforcing the act in question during the pendency of the suit and until further order of the court. The order recites that the parties appeared by their respective attorneys and that the court was fully advised in the premises. While the record does not show any of the proceedings that occurred on this hearing, it was conceded by the Attorney General on oral argument before this court, that a full hearing was had and that the same propositions urged by the Attorney General on the subsequent motion to dissolve, were urged and considered by the Circuit Court at this hearing. No appeal was prosecuted from this order although the same was authorized by Section 78 of the Civil Practice Act [Ill. Rev. Stats. 1955, ch. 110, § 78].

On November 13, 1956 defendants filed a motion to dissolve the temporary injunction, setting up therein, the same grounds as a basis for the motion as were

concededly urged orally at the hearing on November 1, 1956. This motion came on for hearing on November 21, 1956 before Honorable Creel Douglas, Acting Circuit Judge. After argument it was taken under advisement and subsequently on November 27, 1956 denied. This appeal was perfected from the order denying the motion to dissolve the temporary injunction. Subsequently one of the Judges of this court entered a stay order pending this appeal.

The primary purpose of notice of an application for temporary injunction is to afford a defendant an opportunity to show, if he can, that an injunction should not issue. I.L.P. Injunctions Par. 123. Here defendants have had two such opportunities before two different Judges. However, we have treated the motion to dissolve as properly made and the case properly before us for a determination of the questions ordinarily raised by such a motion and as are particularly raised by the motion in the case at bar.

It is to be observed at the outset that we may not concern ourselves with the constitutionality of the statute in question. We are limited in our inquiry to the question of whether plaintiffs' verified complaint was sufficient to sustain the order of the trial court denying the motion to dissolve. The actual merits of the cause are not before us on this appeal.

In support of their motion to dissolve defendants contend (1) the complaint does not state a cause of action, (2) there is no allegation in the complaint showing that the amendatory act is effective as to plaintiffs prior to January 1, 1957, (3) there is no actual controversy so as to make the provisions of the Civil Practice Act on declaratory judgments applicable, (4) that the allegations in the complaint of threatened enforcement by defendants are on information and belief and (5) that the temporary injunction instead of maintaining the status quo in effect defeats this purpose.

To properly evaluate these contentions it is necessary to examine the complaint. The complaint alleges that plaintiffs are owners and operators of motor vehicles of the second division consisting of various named types of trucks, trailers and tractors; that they hold a valid Certificate of Public Convenience and Necessity issued by the Commerce Commission; that they have equipped all of their trucks with and are now maintaining, rear fender splash guards in accordance with the requirements of the law as it existed prior to the enactment of the amendatory act in question; that they are informed and believe that defendants will proceed to enforce said amendatory act of 1955 against them so as to subject them to fines and penalties; that said act is unconstitutional in that it violates Section 22 of Article IV, Section 2 of Article II and Article III of the Constitution of the State of Illinois and the 14th Amendment of the Constitution of the United States; that the amendatory act delegates legislative power to administrative officers without prescribing the rules, standards or limitations for its exercise; that the amendatory act is not a valid exercise of police power for eleven designated reasons; that as holders of a Certificate of Public Convenience and Necessity plaintiffs enjoy a valuable property right which they will be deprived of unless an injunction is issued because of the fact that they cannot comply with the terms of the amendatory act and at the same time continue the operation of their business; and that plaintiffs are without an adequate remedy at law.

An analagous situation was present in the case of Thillens, Inc. v. Cooper, 345 Ill. App. 145, 102 N.E.2d 562. That case involved an amendatory act to the Community Currency Exchange Act. Prior to the passage of the amendatory act, the Community Currency Exchange Act did not apply to the ambulatory exchange business. The amendatory act brought such businesses

301

under the act. Plaintiff who conducted an ambulatory exchange business filed suit against the Auditor of Public Accounts, the Attorney General and the State's Attorney of Cook County, the officers charged with enforcing the act, for declaratory judgment as to the constitutionality of the amendatory act and for temporary injunction claiming, that unless enforcement was restrained pending final adjudication of its constitutionality, plaintiff would be forced to discontinue his business since it was impossible for him to comply with the amendatory act and that irreparable injury would follow. A temporary injunction was issued and appeal was prosecuted from the temporary order. Defendants in that case on appeal, urged as they do here, that the complaint did not state a cause of action, that no actual controversy existed as contemplated by the section of the Civil Practice Act on declaratory judgments and that the complaint set forth no irreparable injury. We do not deem it necessary to compare the complaint in that case with the complaint at bar. Suffice it to say, they are comparable. The Appellate Court in that case affirmed the order granting the temporary injunction. The decision of the Appellate Court had tacit approval in Thillens, Inc. v. Hodge, 2 Ill.2d 45, 116 N.E.2d 886, when the same case reached the Supreme Court after the trial court entered judgment on the pleadings, after answer, holding the amendatory act unconstitutional. The Supreme Court reversed on the ground that the complaint and answer raised questions of fact requiring the introduction of evidence in order to resolve the factual issues before deciding the legal questions. Much the same situation would be present in the case at bar especially with reference to the claimed unreasonable, arbitrary and unnecessary exercise of the police power of the State.

The courts of Illinois have recognized that a declaratory judgment action is a proper method of testing the

constitutionality of a statute. Elgin Storage & Transfer Co. v. Perrine, 2 Ill.2d 28, 116 N.E.2d 868, Johnson v. Halpin, 413 Ill. 257, 108 N.E.2d 429, Dean Milk Co. v. City of Aurora, 404 Ill. 331, 88 N.E.2d 827. Nor does the fact that, so far as the allegations of the complaint are concerned, the amendatory act in question does not affect plaintiffs until January 1, 1957, impose any obstacle on a court in such a declaratory judgment action. A declaratory judgment action will lie to determine rights under a statute even though the act is not yet in effect. Anderson on Declaratory Judgments Sec. 291, page 676, Acme Finance Co. v. Huse, 192 Wash. 96, 73 P.2d 341 and annotation following report of case in 114 A.L.R. 1365; Department of Financial Institutions v. General Finance Corp., 227 Ind. 373, 86 N.E.2d 444. The amendatory act was certain to take effect. In the absence of an adjudication declaring its invalidity, it is to be presumed that those officials charged with its enforcement will do their duty and enforce it. If, as alleged, such enforcement will substantially affect plaintiffs' property rights, a declaration may be sought before the legislation becomes effective. But, the defendants contend, a Certificate of Public Convenience and Necessity is not, as such, a valuable property right. However, the right to continue in the business and to obtain the fruits of labor in so doing, is a property right and is none the less so, albeit the State has seen fit to require the certificate before so doing. Generally speaking persons engaged in a business directly affected by a statute are considered to have sufficient interest to maintain a declaratory judgment action testing the validity of the statute. See Annotation 174 A.L.R. 558. That such is the law in Illinois may be assumed from an examination of Elgin Storage & Transfer Co. v. Perrine, supra.

303

Finally defendants contend that the temporary injunction instead of maintaining the status quo in effect defeats this purpose since it leaves the State with no effective Splash Guard Act. It is axiomatic that the purpose of a temporary injunction is to maintain the status quo pending a final determination of the case on the merits. What may be the status quo may vary under varying circumstances. Here it has reference to preventing a threatened injury; to maintain the situation of the parties in the condition it was at the time of granting the injunction so as to protect the rights involved from a threatened wrong. The injunction does just this.

For the reasons stated we are of the opinion that plaintiffs' verified complaint was sufficient to sustain the order of the trial judge. Accordingly the order denying the motion to dissolve will be affirmed and the stay order vacated.

Affirmed.